**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THURMAN HANKINS, ) | |
| ) | |
| Plaintiff, ) | 3: 09-cv-0623-ECR-VPC |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| REX R. REED, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Plaintiff's civil rights action pursuant to 42 U.S.C. § 1983 was filed in the Seventh Judicial District Court on September 29, 2009. Defendants removed it to this court on October 22, 2009. (Docket #1.) On November 4, 2009, plaintiff filed an opposition to the removal. (Docket #7.) The court has original subject matter over this civil rights action pursuant to 28 U.S.C. § 1331 and removal was proper pursuant to 28 U.S.C. § 1441(b). The court having found no basis for remand, plaintiff's objection to the removal is overruled.

**I.     Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

(2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. Screening of the Complaint

Plaintiff sues defendants Rex Reed, Head of Classification; James Baca, Associate Warden for Programs at Nevada State Prison; and Claude Willis, Head Counselor at Ely State Prison. Plaintiff seeks monetary damages as well as injunctive relief.

**Defendants**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights, privileges, or immunities secured by the Constitution. . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**Count I**

Plaintiff claims that in 2002, he refused to move to a top bunk after being on a bottom bunk for 2 years. He contends that following this incident, he has been the victim of repeated harassment. He claims that defendant Baca has refused to allow the sergeant in disciplinary to make any positive

3

1  decisions in regard to him, and has labeled him as trying to manipulate the system.  Plaintiff states
2  that he was singled out, and suffered otherwise unspecified harassment and discrimination.  He
3  alleges the existence of an  conspiracy, but does not define its purpose.  He claims that this violated
4  his rights under the Eighth and Fourteenth Amendments.
5         Equal protection claims arise when a charge is made that similarly situated individuals are
6  treated differently without a rational relationship to a legitimate state purpose.  *See San Antonio*
7  *School District v. Rodriguez*, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation
8  of the equal protection clause of the Fourteenth Amendment, a plaintiff must allege that the
9  defendants acted with intentional discrimination against plaintiff based on race or gender.  *Lowe v.*
10 *City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985); *Federal Deposit Ins. Corp. v. Henderson*, 940
11 F.2d 465, 471 (9th Cir. 1991).   Plaintiff does not make such an allegation and therefore does not
12 state a claim for discrimination.
13        The harassment alleged suffered by plaintiff is that defendant Baca has ruled against on
14 disciplinary matters. Prisoners have no constitutional right to an inmate grievance system.  *Olim v.*
15 *Wakinekona*, 461 U.S. 238, 249 (1983).  Thus, the non-existence of, or the failure of prison officials
16 to properly implement an administrative appeals process within the prison system does not raise
17 constitutional concerns.  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Flick v. Alba*, 932
18 F.2d 728 (8th Cir. 1991). "[A prison] grievance procedure is a procedural right only, it does not
19 confer any substantive right upon the inmates." *Buckley*, 997 F.2d at 495 (citing *Azeez v.*
20 *DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th
21 Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural
22 protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10;
23 *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Specifically, failure to process a
24 grievance does not state a constitutional violation. *Buckley*, 997 F.2d at 495.  Thus, a prison official's
25 involvement and actions in reviewing prisoner's administrative appeal cannot serve as the basis for
26 liability under a § 1983 action. *Buckley*, 997 F.2d at 495.  Therefore, in the present case, the alleged

4

action by defendant Baca is insufficient to support a civil rights claim.

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege specific facts to support the existence of a conspiracy among the defendants." *Buckey v. County of Los Angeles*, 968 791, 794 (9th Cir. 1992); *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. *Sykes v. State of California*, 497 F.2d 197, 200 (9th Cir. 1974).

The court finds that plaintiff's allegation that defendant Baca has ruled against him on disciplinary measures is insufficient to support a claim that he is a party to a conspiracy among the defendants to this action. Because plaintiff has failed to include nonclusory allegations containing evidence of unlawful intent, the court finds that he has failed to meet the heightened pleading standard required to state a claim for conspiracy.

In summary, the court finds that count 1 fails to state a claim upon which relief can be granted.

**Count II**

In ground II, plaintiff alleges that although his counselor, Ms. Large, told him that he was eligible to leave Ely State Prison, defendant Rex Reed denied his transfer on the ground that he had too many sentences. Based on these facts, plaintiff alleges that defendant Reed is involved in a conspiracy against him with defendant Baca, in violation of the Eighth and Fourteenth Amendments. Plaintiff does not allege that defendant Reed acted outside his authority in any way. Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). The mere fact that defendant Reed exercised his authority to deny plaintiff a transfer is insufficient to support a conspiracy claim against Reed. Accordingly, the court finds that count II fails to state a claim upon which relief can be granted.

**Count III**

In count III, plaintiff alleges that defendant Willis is part of a conspiracy "to block one's programming." He does not allege any particular action on the part of defendant Willis, but claims that defendant Baca "let Mr. Willis know that Mr. Hankins has nothing coming." Plaintiff claims that he cannot get a job at Ely State Prison. Again, plaintiff alleges violations of his rights under the Eighth and Fourteenth Amendments. Plaintiff has alleged no facts supporting defendant Willis' participation in a conspiracy. Further, prisoners have no liberty interest in earning work time credits or participating in work programs. *Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986). Accordingly, the court finds that count III fails to state a claim upon which relief can be granted.

**Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall file the complaint. (Docket #1, Exhibit B.)

**IT IS FURTHER ORDERED** that defendants' motion for screening (docket #3) and motion for extension of time (docket #4) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that this civil rights action is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. The Clerk of the Court shall enter judgment accordingly and close this case.

Dated this 14th day of July, 2010.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

6